IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DANNY M. OWENS**                                                                                              **PLAINTIFF**

**V.**                                                          **CA NO.: 3:18-CV-200-DPJ-FKB**

**VICTOR P. MASON, in his official capacity**
**as Sheriff of Hinds County, Mississippi, et al.**                   **DEFENDANTS**

**VICTOR MASON AND KARLA BAILEY'S REPLY TO**
**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Come now, Victor P. Mason and Karla Bailey, by and through counsel and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and respectfully submit their Reply to Plaintiff's Response in Opposition to the Motion for Judgment on the Pleadings as follows:

**INTRODUCTION**

This suit arises out of civil action number 14-3969, *Marquez Harris v. Daniel Owens d/b/a Black Diamonds Nightclub* in the County Court of Hinds County, Mississippi, wherein an injured patron of the Black Diamonds Nightclub obtained a default judgment against Defendant Daniel Owens d/b/a Black Diamonds Nightclub for failure to participate in and/or respond to discovery requests. *See CM/ECF Doc. No. 14-1, 14-2, 14-3, 14-4.* Thereafter, Ben Wilson, who served as Mr. Harris' counsel, filed a Suggestion for Writ of Execution in the County Court cause, wherein he represented to the court that the Judgment Debtor, the defendant Daniel Owens d/b/a/ Black Diamonds Nightclub had real property located in Hinds County, Mississippi, namely

the nightclub itself, which could satisfy the $61,500 judgment in the case. *See CM/ECF Doc. No. 1-1.* Based on the same, the Hinds County Circuit Clerk issued a Writ of Execution—signed by Defendant Deputy Clerk Karla Bailey. *See CM/ECF Doc. No. 1-2.* Pursuant to the Writ, the property was seized by the Hinds County Sheriff's Department.

Plaintiff, proceeding *pro se*, filed suit in this Court on March 23, 2018, against, among others, Sheriff Victor P. Mason and Deputy Clerk Karla Bailey alleging that, by issuing the Writ and executing on the same, Defendants violated his right to due process. *See CM/ECF Doc. No. 1.* For all of the reasons outlined herein, Plaintiff is foreclosed from re-litigating the issue of the validity of the Writ, as the County Court has ruled that the property was lawfully submit to the Writ of Execution. *See CM/ECF Doc. No. 14-4.*

## I.   RES JUDICATA

Plaintiff has argued that the parties are not the same, and as such, res judicata does not apply. Plaintiff has indeed added parties to the instant cause. Nevertheless, as to the County defendants, both Karla Bailey is in privity with Sheriff Mason, who was named in the County Court suit, for the purposes of res judicata.  "A non-party defendant can assert *res judicata* so long as it is in privity with the named defendants." *Roa v. City of Denison*, 2017 WL 9287012, at *11 (E.D. Tex.  2017)(citing *Gulf Island–IV, Inc. v. Blue Streak–Gulf IS OPS,* 24 F. 3d 743, 746 (5th Cir. 1994) (rejecting the argument that *res judicata* applies only to the party against whom the plea is asserted). Given that Ms. Bailey is a County employee, and given that Mason was named in the County suit

as the duly-elected Hinds County Sheriff, the parties are in privity. Plaintiff cannot avoid claim preclusion as to the County by simply adding third-party defendants to a second suit as he has in this instant cause.

Plaintiff also argues that both suits involve different claims because in the County Court he sought injunctive relief and in the case at bar he seeks monetary damages. Under the transactional test, "if a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred. *Test Masters Educational Services, Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005) (citing *New York Life Insur. Co. v. Gillispie,* 203 F.3d 384, 387 (5th Cir. 2000)). The critical issue is whether the two actions are based on the "same nucleus of operative facts." *Id.* (citation omitted).

Here, in order to prevail on his monetary damages claim, this Court would necessarily have to rule that Plaintiff's property was not lawfully subject to the Writ of Execution and, as such, the County Court's ruling would be invalidated. Moreover, this suit arises out of the County Court cause of action that was asserted against Sheriff Mason, namely the validity of the Writ of Execution.

Accordingly, Plaintiff is precluded by *res judicata* from re-litigating the validity of the seizure of the real property which was issue in the aforementioned County Court causes.

## II.   INDIVIDUAL CAPACITY CLAIMS: ABSOLUTE IMMUNITY

Plaintiff has conceded that he names both Bailey and Mason in their individual capacities.   As argued in Defendants' brief-in-chief, courts have long recognized that court clerks have absolute immunity from liability when carrying out duties which are

3

specifically required of them. See *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)(citing *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981); *Williams v. Wood,* 612 F.2d 982, 985 (5th Cir. 1980)("Absolute immunity from damages actions applies…for clerks of court acting…under command of court decrees or under explicit instructions of a judge. Damages will not be awarded for a clerk's actions of this type even if in bad faith or with malice."). The same can be said of sheriffs. "[A]n official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction." *Mays v. Sudderth,* 97 F.3d 107, 113 (5th Cir. 1996).

Both Ms. Bailey and Sheriff Mason were acting in accordance with Miss. Code Ann. § 13-3-111 in the issuance and execution of the Writ. As such, the duty of Ms. Bailey to issue the writ to satisfy the County Court judgment and Sheriff Mason's duty to execute the same were ministerial, not discretionary.[1]

In addition to the procedural due process claim in the Complaint, Plaintiff argues that he also has a valid Fourth Amendment claim for unlawful seizure--both alleged constitutional violations arise out of the seizure of the real property, 210 Parcel Drive. *See Resp.*, p. 11, CM/ECF Doc. No. 23. [2] "Procedural due process considers not the

---

[1]Defendants argued in their brief-in-chief that should the Court find the duties to not be ministerial and subject to the protections of absolute immunity, then they are entitled to qualified immunity. *See Hicks v. Brysch*, 989 F. Supp. 797, 816 (W.D. Tex. 1997).

[2] Defendants dispute that the Complaint asserts a Fourth Amendment violation and as such, is not properly before the Court, as the amended required leave of the Court under Fed. R. Civ. P. 15(a). *See CM/ECF Doc. No. 1,* p. 5. Nevertheless, for Fourth Amendment purposes, it generally "requires no more of government officials than that of due process of law." *Kinnison v. City of San Antonio*, 480 Fed. Appx. 271, 280, 2012 WL 1957937, at *6 (5th Cir. 2012). As such, Plaintiff's failure to state a due process violation arising out of the property's seizure subject to the Writ of Execution is likewise fatal to any Fourth Amendment unlawful seizure claim.

4

justice of a deprivation, but only the means by which the deprivation was effected." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 222 (5th Cir. 2012)(citation omitted). Thus, the injury that stems from a denial of due process is not the liberty or property that was taken from the plaintiff, but the fact that it was taken without sufficient process. *Id.* (citing *Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890, 894 (6th Cir. 1991).

Plaintiff argues that Defendants violated his constitutional rights because his properly was seized, yet he was not a named party to the cause of action out of which this suit arises, namely civil action number 14-3969, *Marquez Harris v. Daniel Owens d/b/a Black Diamonds Nightclub*. Nevertheless, the nightclub that is housed at 210 Parcel Drive was a named party in that suit and a court of competent jurisdiction has determined that Plaintiff had a sufficient interest in the nightclub to render his property subject to the Writ. *See CM/ECF Doc. No. 14-4.* Plaintiff argues the constitutional issue was never before the County Court. Nevertheless, in order to show a constitutional violation in the instant cause, Plaintiff must show that his property was not lawfully subject to the Writ of Execution, yet the County Court found to the contrary.

**III.     *MONELL*: OFFICIAL CAPACITY CLAIMS**

To establish liability against Hinds County via official capacity claims against the movants, Plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *See Rivera v. Houston Indep. Sch. Dist*, 349 F.3d 244, 247-249 (5th Cir. 2003). A "policy or custom" can

5

be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of Jackson*, 335 Fed. Appx. 446, 448-49 (5th Cir. 2009).

Here, Plaintiff has failed to allege that a policy, practice or custom of the County was the "moving force" behind any constitutional violation. Further, the movants have demonstrated that a court of competent jurisdiction has already ruled that the Writ of Execution was valid. *See Owens May 25, 2018, Order.* Accordingly, the movants would affirmatively aver that Plaintiff cannot show a constitutional deprivation, which is fatal to any official capacity claim. *See Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)(holding that a constitutional violation is an essential element in a 1983 claim against a municipality).

Plaintiff fails to address this issue in his Response in Opposition, and as such Plaintiff has waived any opposing arguments to the same. *J&J Sports Productions, Inc. v. Tienda y Taqueiria "La Frontera," LLC*, 2017 WL 3166734, at *11 (M.D. La. 2017)("failure to brief these issues constitutes a waiver; see also *Jones v. Jefferson Par.*, 12-2191, 2013 WL 871539, at *3 (E.D. La. Mar. 8, 2013); ("[D]istrict courts have considered arguments waived where the plaintiffs fail to address an issue in response or in opposition to a

pending motion.") (citing *McZeal v. J.P. Morgan Chase Bank, NA*, 13-6754, 2014 WL 3166715, at *8 (E.D. La. July 7, 2014)).

## CONCLUSION

For all of the reasons cited herein, Plaintiff's claims against the moving defendants in both their individual and official capacities are due to be dismissed.

**Date:   July 23, 2018.**

                                      Respectfully submitted,

                                      **SHERIFF VICTOR MASON**
                                      **and KARLA BAILEY**

                                      By:     */s/Jessica S. Malone*
                                                     One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Reply to Plaintiff Response in Opposition to Motion for Judgment on the Pleadings and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant:

> Danny M. Owens
> 1573 E. Shelby Drive
> Memphis, Tennessee 38116
> *Pro Se Plaintiff*

This the 23rd day of July, 2018.

> /s/ *Jessica S. Malone*
> OF COUNSEL