UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANNY M. OWENS                                                                           PLAINTIFF

V.                                                        CIVIL ACTION NO. 3-18-CV-200-DPJ-FKB

VICTOR P. MASON, ET AL.                                                            DEFENDANTS

ORDER

This civil-rights action is before the Court on multiple motions: Plaintiff's motions [3, 5] for "Temporary Injunction," Defendants' motion for judgment on the pleadings [14], and Plaintiff's motions [17, 21] to amend the complaint. The Court finds that Defendants' motions should be granted and Plaintiff's motions should be denied.

I.     Facts and Procedural History

This suit relates to the seizure of real property in satisfaction of a default judgment entered by the County Court of Hinds County, Mississippi. Defs.' Ex. A [14-1] (Complaint in *Harris v. Owens d/b/a Black Diamonds Nightclub*, Cause. No. 14-3969). In January 2016, Marteze Harris obtained a default judgment against Daniel Owens d/b/a Black Diamonds Nightclub ("the judgment debtor") for failure to participate in and/or respond to discovery requests. Defs.' Ex. B [14-2] (Order); Defs.' Ex. C [14-3] at 14 (Judgment). Harris's counsel, Defendant Ben Wilson, represented that the judgment debtor owned real property in Hinds County—the Black Diamonds Nightclub—which could satisfy the judgment. The Hinds County Circuit Clerk issued a Writ of Execution, signed by Defendant Deputy Clerk Karla Bailey, and the Hinds County Sheriff's Department seized the property. Defs.' Ex. C [14-3] at 15 (Writ of Execution).

On May 23, 2017, Plaintiff Danny M. Owens filed a Complaint for Emergency Relief in County Court, seeking to block the eviction. Owens claimed that he—not his son the judgment debtor—owned the real property. Defs.' Ex. C [14-3] at 2 (Complaint in *Owens v. Harris*, Cause No. 17-01909). After holding a hearing, County Court Judge Staci O'Neal denied the Complaint, finding Danny M. Owens "owned the property *and* participated in the management of the business which took place on the real property at issue." Defs.' Ex. D [14-4] (Order (emphasis added)).

Plaintiff Danny M. Owens is now suing Hinds County Sheriff Victor P. Mason, Bailey, and Wilson in this Court, alleging that they violated his right to due process by issuing and executing the writ. Compl. [1] at 1 (invoking 42 U.S.C. § 1983). Owens maintains that he alone owns the subject property, not the judgment debtor. Mason and Bailey (the "Moving Defendants") seek dismissal. It does not appear that Wilson has been served.

II.     Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

III.  Defendants' Motion for Judgment on the Pleadings [14]

Moving Defendants Mason and Bailey assert that (1) Owens's suit is subject to res judicata; (2) his § 1983 individual-capacity claims are barred by absolute immunity; and (3) his § 1983 official-capacity claims fail for lack of a county policy that was the moving force behind the alleged constitutional violation. Though the res judicata argument is likely dispositive, the Court will address all grounds.

A.  Res Judicata

Defendants say this lawsuit is barred by the doctrine of res judicata because Owens unsuccessfully contested the seizure in state court. Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* All factors are met here.

First, the parties are identical or in privity. In the County Court Complaint for Emergency Relief, Owens named Mason as a Defendant, challenging his execution of the writ in his capacity as Sheriff of Hinds County. State-Court Compl. [14-3] at 1–2. Here, Owens again names Mason in his official capacity as sheriff and adds Bailey in her official capacity as Deputy

Clerk. Compl. [1] ¶ 22. "A non-party defendant can assert res judicata so long as it is in privity with the named defendants." *Roa v. City of Denison*, No. 4:16-CV-00115-ALM-CAN, 2017 WL 9287012, at *11 (E.D. Tex. Aug. 29, 2017) (citing *Gulf Island-IV, Inc. v. Blue Streak-Gulf IS OPS*, 24 F.3d 743, 746 (5th Cir. 1994) (rejecting argument that res judicata applies only to party against whom plea is asserted)). Mason and Bailey are in privity because both are affiliated with Hinds County. *Johnson v. Hays Cty.*, No. A-14-CA-834 LY, 2014 WL 5524144, at *4 (W.D. Tex. Oct. 31, 2014) ("Defendants who are members of the same government agency are generally treated as being in privity for purposes of being able to assert a res judicata defense.") (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (finding res judicata barred second suit adding IRS commissioner where first suit named only IRS agents); *Benbow v. Wall*, No. 13-757 S., 2014 WL 652354 at *6 (D.R.I. Feb. 19, 2014) (dismissing prisoner's second suit based on res judicata despite addition of new defendant who was employed by same agency as original defendants)); *see also Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.").

Second, it is undisputed that the County Court of Hinds County is a court of competent jurisdiction. State-Court Compl. [14-3] ¶ 4 (acknowledging court's jurisdiction). Third, the first suit was concluded by a final judgment on the merits. Judge O'Neal denied Owens's Complaint for Emergency Relief because he owned the parcel subject to the writ and participated in the management of the nightclub. Defs.' Ex. D [14-4] (Order). This finding concluded the action.

4

Finally, the same claim or cause of action was involved in both lawsuits. Here, Owens says he, not the judgment debtor, is the owner of the seized property. Compl. [1] at 3–4. In describing his § 1983 claim, Owens alleges that Defendants

> knowingly, intentionally, and maliciously deprive[d] Plaintiff Danny M. Owens of his property without Due Process of Law by causing [it] to be seized and chained the building doors at 210 Parcel Dr., Jackson[,] Mississippi, owned solely by Plaintiff, without notice and an opportunity to be heard, in violation of the clearly established rights to Due Process of Law guaranteed by the Fifth Amendment.

Compl. [1] at 5. To rule for Owens on this claim, the Court would necessarily have to find that his property was not lawfully subject to the Writ of Execution. Such a ruling would invalidate the County Court's ruling [14-4]. *See Test Masters Educ. Servs., Inc.*, 428 F.3d at 571 (holding "if a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred"). Thus, all four factors are met. Owens is foreclosed from re-litigating the writ's validity in this Court.

### B. Absolute Immunity

Owens sued Mason and Bailey in their official capacities only, but they nevertheless assert that any § 1983 individual-capacity claims are barred by absolute immunity. *See* Compl. [1] at 1 (naming Mason and Bailey in their official capacities). The Court agrees that Defendants enjoy absolute immunity. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981))); *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996) ("[A]n official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a

5

court acting within its jurisdiction."). To the extent the Complaint could be construed to allege individual-capacity claims, those claims are dismissed.[1]

C. Municipal Liability

By suing Mason and Bailey in their official capacities, Owens has effectively sued Hinds County. *See Brooks v. George Cty.*, 84 F.3d 157, 165 (5th Cir. 1996) (noting suit against sheriff in his official capacity is treated as claim against county). Municipalities like Hinds County are subject to § 1983 liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, municipal liability under § 1983 requires proof of (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). "Municipal liability cannot be sustained under a theory of respondeat superior. [Rather,] the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (internal citations and quotation marks omitted).

Here, Owens has failed to allege facts showing that a policy, practice, or custom of Hinds County was the moving force behind any constitutional violation. This alone is fatal to any official-capacity claim. *See Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997) (holding that a constitutional violation is an essential element in a § 1983 claim against a municipality). And

---

[1] Owens attempts to clarify in his first motion to amend complaint [17] that he is suing the Defendants in both their official and individual capacities. But for the reasons stated below, his motion to amend [17] is denied as futile.

even if Owens could fix these issues through amendment, the claim would still be barred by res judicata.

For the reasons stated above, Defendants' motion for judgment on the pleadings [14] is granted.

IV. Owens's Motions to Amend Complaint [17, 21]

Owens attempts to remedy the pleading defects in his Complaint through two motions to amend. A motion for leave to file an amended complaint is governed by Rule 15(a)(2), which states: "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted). Courts have the discretion to deny a motion to amend that is frivolous or futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999).

The Fifth Circuit has interpreted "futility" to "mean that the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citations omitted). To determine whether a proposed amended complaint is futile, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted).

A. First Motion to Amend [17]

Owens filed his first motion to amend simply to clarify that he was suing the Moving Defendants in their individual and official capacities and that his constitutional-violation claim included violation of the Fourth Amendment. Pl.'s Mot. to Amend Compl. [17] at 1. This motion is futile. Neither clarification overcomes Defendants' affirmative defenses of res judicata and absolute immunity. It is therefore denied.

7

B.     Second Motion to Amend [21]

Here, Owens seeks to amend his original constitutional-violation claim to include new claims based on the Fourth Amendment right to be free from unlawful seizure and Fifth and Fourteenth Amendment rights to due process. As stated above, a court of competent jurisdiction has already decided whether Owens's property was lawfully subject to the Writ of Execution. Res judicata likewise bars these new constitutional-violation claims. The proposed amendments are therefore futile.

Additionally, Owens seeks to include new claims and new defendants based on new facts. After Owens filed his original Complaint in this action, a second Writ of Execution was obtained on May 22, 2018, against the subject property; a Notice of Sale was published on three separate occasions; and on June 18, 2018, the property was sold at a sheriff's sale by Defendant Mason. *See* Suppl. Second Am. Compl. [21-1] at 27–33. As to Defendants Mason and Bailey, Owens now seeks to include claims for civil RICO and state-law claims for abuse of process and conspiracy. But a closer look at the Supplemental Second Amended Complaint shows that Owens still fails to state a claim.

Owens's civil RICO claim asserted against Defendants in their official capacities is futile because, as noted above, it is in reality a claim against Hinds County, and governmental entities are not capable of forming a criminal enterprise. *Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 449–50 (W.D. Tex. 1999).

As for the individual-capacity claims, Owens failed to plead specific facts which establish the existence of an enterprise. He merely provides a general recitation of the elements of a civil RICO claim. *See Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) (holding that

"[t]o avoid dismissal for failure to state a claim, a plaintiff must plead specific facts . . . which establish the existence of an enterprise"). The RICO claim is futile.

Turning to the state-law claims, Owens cannot demonstrate the elements of abuse of process or conversion conspiracy where Bailey issued a Writ pursuant to a facially valid Suggestion of Writ, and Mason executed on the Writ, which are their ministerial duties under section 13-3-111 of the Mississippi Code.

In Mississippi, the elements of abuse of process are: "(1) the party made an illegal use of the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process." *Allred v. Moore & Peterson*, 117 F.3d 278, 284 (5th Cir. 1997) (citing *McLain v. W. Side Bone & Joint Ctr.*, 656 So. 2d 119, 123 (Miss. 1995)). In other words, it is "the employment of process for its ostensible purpose, but without reasonable or probable cause." *Mississippi ex rel. Foster v. Turner*, 319 So. 2d 233, 236 (Miss. 1975). Owens merely alleges that Defendants Bailey and Mason did what they were statutorily required and authorized to do. *See* Miss. Code Ann. §§ 13-3-111, 13-3-169, 13-3-187. And Owens fails to plead facts supporting a plausible claim that Defendants performed those duties without reasonable or probable cause when, as explained above, a court of competent jurisdiction had already ruled that the initial Writ of Execution was proper. *See supra* at § III(A).

To prevail on a conversion-conspiracy claim, Owens "must present sufficient proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Barefield Workplace Sols., Inc. v. Miller's of Columbia, Inc.*, No. 3:17-CV-87-HTW-LRA, 2018 WL 4761254, at *7 (S.D. Miss. Sept. 30, 2018) (citing *Covington Cty. Bank v. Magee*, 177 So. 3d

9

826, 829 (Miss. 2015)). For the same reasons discussed above, he has failed to plead a plausible claim.

As for the official-capacity claims, Owens says Defendants acted with malice (abuse-of-process claim) and fraudulently (conspiracy claim). Again though, official-capacity claims are claims against the county. And the county cannot be liable when its employees act with malice or commit fraud, because they are not acting within the course and scope of employment under the Mississippi Tort Claims Act. *City of Jackson v. Powell*, 917 So. 2d 59, 73 (Miss. 2005); Miss. Code Ann. §11-46-5(2). Because sovereign immunity bars the new state-law official-capacity claims, they are futile as to the Moving Defendants. Owen's Second Motion to Amend is therefore denied as to the Moving Defendants.

V.     Owens's Motions for Injunctive Relief [3, 5]

Having granted Defendants' motion for judgment on the pleadings [14] and denied Owens's motions to amend [17, 21], the Court finds Owens's motions for injunctive relief are [3, 5] moot and therefore denied.

VI.    Defendant Ben Wilson

The claims and defenses as to Wilson differ to some extent from those related to the Moving Defendants. But Wilson has not appeared in this case and there is no indication in the docket that he was ever served. Under Federal Rule of Civil Procedure 4(m), Owens had 90 days to perfect service, and he will need to show the Court that he has done so before his claims can proceed.

For these reasons, Owens is given 14 days to show cause why the claims against Wilson should not be dismissed under Rule 4(m). Likewise, the motions to amend as to Wilson are denied without prejudice.[2]

VII. Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed would not change the outcome. For the foregoing reasons, the Court grants Defendants' motion for judgment on the pleadings [14]; Mason and Bailey are dismissed from the action. The Court denies Owens's first motion to amend complaint [17], denies Owens's second motion to amend complaint [21], and finds Owens's motions for injunctive relief [3, 5] moot.

The denial of the second motion to amend is without prejudice as to Defendant Ben Wilson since there is no indication that he has been served. Owens must demonstrate within 14 days that he has properly served Defendant Wilson or show cause why the claims against Wilson should not be dismissed. Failure to do so will result in final dismissal of Wilson without further notice.

**SO ORDERED AND ADJUDGED** this the 13th day of December, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The injunctive relief Owens seeks [3, 5] would not apply to Wilson, so his status does not impact those motions.