UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANNY M. OWENS                                                                          PLAINTIFF

V.                                                    CIVIL ACTION NO. 3-18-CV-200-DPJ-FKB

VICTOR P. MASON, ET AL.                                                             DEFENDANTS

ORDER

Defendant Ben Wilson moves to dismiss [33] this civil-rights action for failure to timely serve process. Plaintiff Danny M. Owens argues in response that he has shown good cause for an extension of time to serve. The Court agrees and finds that Wilson's motion should be denied.

I.   Facts and Procedural History

This suit relates to the seizure of real property in satisfaction of a default judgment entered by the County Court of Hinds County, Mississippi. In January 2016, Marteze Harris obtained a default judgment against Daniel Owens d/b/a Black Diamonds Nightclub for failure to participate in and/or respond to discovery requests. Harris's counsel, Defendant Ben Wilson, represented that the judgment debtor owned real property in Hinds County—the Black Diamonds Nightclub—which could satisfy the judgment. The Hinds County Circuit Clerk issued a Writ of Execution, and the Hinds County Sheriff's Department seized the property. Defs.' Ex. C [14-3] at 15 (Writ of Execution).

Plaintiff Danny M. Owens claims that he—not his son the judgment debtor—owned the real property. So he filed suit on March 23, 2018, against Hinds County Sheriff Victor P. Mason, Hinds County Deputy Clerk Karla Bailey, and Wilson alleging they violated his right to due process by issuing and executing the writ. Compl. [1] at 1. On December 14, 2018, the

Court dismissed Mason and Bailey on *res judicata* grounds and observed that Wilson had not been served. Order [26] at 11. Owens was given 14 days to show cause why the claims against Wilson should not be dismissed under Rule 4(m). *Id.*

Owens responded, explaining that he had attempted to serve Wilson at his office on several occasions and was told Wilson was absent. Resp. [27] at 2. And he claimed "every attempt to leave process with the guard dog receptionist was refused." *Id.*; *see* Owens Aff. [28] at 1–2 (stating he hired two process servers who tried multiple times to serve Wilson). When Magistrate Judge Ball stayed the case pending a ruling on Bailey and Mason's motion, Owens believed he could take no further action. Resp. [27] at 2; *see* June 7, 2018 Text-Only Order (staying discovery). Owens included in his show-cause response a request for an extension of time and ultimately served Wilson at his home on January 15, 2019. *Id.* at 3 (requesting an extension until January 31, 2019); Proof of Service [30].[1]

II.     Analysis

Wilson now seeks dismissal pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5) for failure to timely serve process. Rule 4(m) provides,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

To establish good cause, Owens "must show more than inadvertence, mistake or ignorance of the rules." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). "Proof of good cause requires 'at least as much as would be required to show excusable neglect . . . .'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne*

---

[1] Owens, who is proceeding *pro se*, did not file a separate motion as required by the Local Rules.

*Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). "Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Id.* (quoting *Winters*, 776 F.3d at 1306).

That said, "even if good cause is lacking, the court has discretionary power to extend time for service." *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "Such relief may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

It is undisputed that Owens failed to timely serve Wilson, but Owens has shown good cause. Soon after filing the complaint, Owens hired two different process servers who attempted to serve Wilson at his office multiple times without success. Owens mistakenly believed that Judge Ball's June 7, 2018 stay prevented him from attempting to serve Wilson again. But when the Court ordered Owens to show cause for his failure to serve, he promptly responded, explained the reason for the delay, requested an extension of time, and served Wilson at his home soon thereafter. Owens has shown good cause for his failure to timely serve Wilson, or alternatively, he has at least suggested that Wilson was evading service.[2]

Owens's embedded motion for an extension of time to serve process [18] is granted; the service of Wilson on January 15, 2019, is considered timely. Wilson's motion to dismiss [33] is denied.

---

[2] Wilson argues the show-cause response, which was postmarked December 27, 2018, and filed January 2, 2019, was untimely. With the Court closings for Christmas and New Year's, the filing is considered timely.

III. Conclusion

The Court has considered all arguments; those not addressed would not have changed the result. For the reasons stated, Wilson's motion to dismiss [33] based on untimely service is denied.

**SO ORDERED AND ADJUDGED** this the 2nd day of July, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE